UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,                    )
                                             )
                          Plaintiff,         )    No.  CR-10-0038-JLQ-1
                                             )
           vs.                               )    MEMORANDUM OPINION AND
                                             )    ORDER ON MOTION TO REDUCE
                                             )    SENTENCE
MANUEL VARGAS, JR.,                          )
                                             )
                          Defendant.         )
_____   )

     Before the court is the Motion To Reduce Sentence (ECF No. 54) filed on behalf of the Defendant by Andrea George, Federal Defender for the Eastern District of Washington.  The Motion was filed following the adoption of Amendment 782 to the United States Sentencing Guidelines which made individuals sentenced pursuant to the Guidelines for federal drug offenses eligible for a 2 level reduction in the Offense Level and consideration by the court as to whether a reduced sentence should be imposed. Joseph Harrington, Assistant United States Attorney, appeared for the Government and filed a Response (ECF No. 56) to the Motion To Reduce Sentence.  Other than one institutional violation there is nothing before the court concerning the Defendant's term of incarceration and there is no evidence of his having taken advantage of institution programs to better himself.

     The Presentence Report (ECF Nos. 42 & 55) sets forth the Defendant's background, offenses, and criminal history.  The Defendant is now 56 years of age and has an ongoing history of assault and drug dealing convictions commencing at the age of 20.  He has two prior felony drug convictions which, had the Government filed the

ORDER - 1

appropriate § 851 Informations, would have mandated a life sentence without parole on the instant charge, rather than the drug quantity mandatory minimum of ten years.  Of obvious concern to the court in deciding the present Motion is the fact that at the time of his sentencing on the instant charge, the outstanding state court First Degree Assault-Deadly Weapon charge involving the shooting of the victim, was pending and not resolved until after the sentencing in this court. The factual background of that state charge is set forth in ¶s 81-84 of the Presentence Report. Following the Defendant's sentencing by the undersigned, the Defendant plead guilty to the state court First Degree Assault charge and was sentenced to a term of one year to run concurrent with the sentence imposed in this federal court. The assault and shooting by the Defendant took place during the time of the ongoing drug dealing which led to his arrest on the federal drug charge.

Despite the court's concern over the failure of the Government to file either of the Defendant's prior felony drug conviction Informations the court determined the final sentencing Offense Level as 31 (incorrectly stated as a 34 in the Judgment).  The court adopted the Criminal History recommendation of a Category II.  This Category did not include one of the Defendant's felony assault nor one of the Defendant's felony drug distribution convictions due to their age.  With a resultant Sentencing Guidelines Range of 121-151 months, the court imposed a sentence of 151 months followed by a 15 year term of Supervised Release.

The court has fully reviewed the Defendant's criminal history, including the offenses that were, and were not, counted in a determination of the Defendant's Sentencing Guideline Range of 121-151 months.  If the same calculations were used in the resolution of the pending Motion, the sentencing Offense Level would be a 29 with a resultant Guideline Range of 97-121 months.  However, such a calculation would ignore the Defendant's true Criminal History including the state court sentence First Degree Assault conviction where the concurrent sentence was not imposed until after this

ORDER - 2

court's 151 month sentence. That conviction was based upon the Defendant shooting the victim three times. Had that conviction and sentence been imposed prior to that of this court, at a minimum, the Defendant's Criminal History would be a Category III which with a reduced Offense Level of 29 would result in a Guideline Range of 108-135 months. A Criminal History of Category III more accurately reflects, at a minimum, the true and current Criminal History of the Defendant than that of a Category II.

In addition to the foregoing, in ruling on a motion to reduce a sentence, the court is guided by Sentencing Guideline 1B1.10 which provides in part: "The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining whether such reduction is warranted, and the extent of such reduction." The court has considered the Defendant's long-standing history of drug dealing and violent assaults in determining whether its previously imposed top of the Guidelines sentence of 151 months should be reduced. Adopting the rule of lenity and considering all of the factors set forth in 18 U. S.C. § 3553(a), the court has determined to reduce the Defendant's sentence from 151 months to one of 131 months followed by the 15 year term of Supervised Release on the same terms and conditions previously imposed.

IT IS SO ORDERED.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 31st day of March, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3